# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### September 12, 2013 Session

## AUBREY E. GIVENS, ADMINISTRATOR OF THE ESTATE OF JESSICA E. GIVENS, DECEASED, ET. AL. V. THE VANDERBILT UNIVERSITY D/B/A VANDERBILT UNIVERSITY HOSPITAL, ET. AL.

### Appeal from the Circuit Court for Davidson County
### No. 10C2046    Hon. Amanda J. McClendon, Judge

### No. M2013-00266-COA-R3-CV - Filed October 24, 2013

This is a medical malpractice[1] action arising from the death of Decedent. Defendants moved to dismiss the action for failure to comply with the notice requirements set out in Tennessee Code Annotated section 29-26-121. The trial court agreed and dismissed the action. Plaintiffs appeal the dismissal. We hold that section 29-26-121 does not mandate dismissal with prejudice for noncompliance with its terms and that the failure to comply with the notice requirements does not mandate dismissal under the facts of this case. We vacate the dismissal order and remand for further proceedings.

## Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Vacated; Case Remanded

JOHN W. MCCLARTY, J., delivered the opinion of the court, in which D. MICHAEL SWINEY and THOMAS R. FRIERSON, II, JJ., joined.

Aubrey T. Givens and John Jay Clark, Nashville, Tennessee, for the appellants, Aubrey E. Givens, individually and as administrator of the estate of Jessica E. Givens, deceased, and Jessica R. Givens.

---

[1]Tennessee Code Annotated section 29-26-101 now defines most all cases occurring in a medical context as "health care liability actions." The statute specifies that such an action "means any civil action, including claims against the state or a political subdivision thereof, alleging that a health care provider or providers have caused an injury related to the provision of, or failure to provide, health care services to a person, regardless of the theory of liability, on which the action is based." *See* Acts 2011, ch. 510, § 8. Effective April 23, 2012, the term "health care liability" replaced "medical malpractice" in the Code. *See* Acts 2012, ch. 798. The provisions of the revised statute do not apply to this action.

Steven E. Anderson and Sean C. Wlordarczyk, Nashville, Tennessee, for the appellees, the Vanderbilt University d/b/a Vanderbilt University Hospital and David Slosky, M.D.

**OPINION**

**I. BACKGROUND**

On September 8, 2006, Jessica E. Givens ("Decedent") was admitted to the Vanderbilt University d/b/a Vanderbilt University Hospital ("Vanderbilt") for cardiac evaluation. While at Vanderbilt, David Slosky, M.D. placed two stents in her left coronary artery. Decedent was released from care and allowed to return home, where she subsequently suffered another cardiac event. Upon returning to Vanderbilt, Dr. Slosky placed additional stents. Decedent passed away on August 28, 2007.

Jessica R. Givens and Aubrey E. Givens, individually and as administrator of Decedent's estate, (collectively "Plaintiffs") have filed three complaints against Vanderbilt and Dr. Slosky (collectively "Defendants") in their attempt to recover for Decedent's injuries. In each complaint, Plaintiffs alleged that Defendants were negligent in caring for Decedent and that their negligence resulted in Decedent's subsequent injuries and death.

The first complaint ("Lawsuit 1") was filed on September 11, 2007. During the pendency of the action, the General Assembly enacted statutory changes to the Tennessee Medical Malpractice Act ("TMMA"), setting forth new requirements for medical malpractice actions filed on or after October 1, 2008. Tenn. Code Ann. §§ 29-26-121(a), -122. Plaintiffs voluntarily dismissed Lawsuit 1 on June 5, 2009. Shortly thereafter, the General Assembly amended the statutory changes to the TMMA, which were applicable to medical malpractice actions filed on or after July 1, 2009. Tenn. Code Ann. §§ 29-26-121(a), -122.

The statutory changes and amendments, which required the filing of pre-suit notice 60 days prior to the filing of a complaint and the filing of a certificate of good faith with a complaint bringing forth an action that required expert testimony, were in effect when the second complaint ("Lawsuit 2") was filed on June 3, 2010. Plaintiffs attached a certificate of good faith to the complaint but failed to provide the statutorily required 60-day pre-suit notice. Plaintiffs provided Defendants with written notice on the day of filing.

On September 24, 2010, Plaintiffs filed the third complaint ("Lawsuit 3") with an attached certificate of good faith and a statement exhibiting compliance with the statutory notice requirements. Plaintiffs attempted to consolidate Lawsuit 2 with Lawsuit 3. The trial court refused to consolidate and dismissed Lawsuit 3. Plaintiffs appealed. A panel of this court affirmed the dismissal because "Lawsuit 3 was not filed within the statute of

limitations." *Givens v. Vanderbilt Univ.*, No. M2011-00186-COA-R3-CV, 2011 WL 5145741, at \*3 (Tenn. Ct. App. Oct. 28, 2011), *perm. app. denied* (Tenn. Feb. 21, 2012). This court further explained that consolidation would not have cured the untimeliness of Lawsuit 3 because the two suits would have remained separate and distinct even if consolidated. *Id.*

Upon remand, Defendants sought the dismissal of Lawsuit 2, alleging that Plaintiffs had failed to comply with the notice requirements set out in section 29-26-121. The trial court agreed and dismissed Lawsuit 2. This appeal concerns the dismissal of Lawsuit 2.

## II. ISSUES

We consolidate and restate the issues Plaintiffs raised on appeal as follows:

A. Whether the failure to comply with the notice requirements set forth in Tennessee Code Annotated section 29-26-121 mandates dismissal of the action in this case.

B. Whether the trial court abused its discretion by failing to excuse compliance with the notice requirements set forth in Tennessee Code Annotated section 29-26-121.

Defendants also raised an issue for our consideration that we restate as follows:

C. Whether Defendants are entitled to attorney fees on appeal.

## III. STANDARD OF REVIEW

In this action, Defendants properly filed a motion to dismiss. *Myers v. AMISUB (SFH), Inc.*, 382 S.W.3d 300, 307 (Tenn. 2012) ("The proper way for a defendant to challenge a complaint's compliance with Tennessee Code Annotated section 29-26-121 is to file a Tennessee Rule of Civil Procedure 12.02 motion to dismiss."). In *Myers*, the Court further provided as follows:

In the motion, the defendant should state how the plaintiff has failed to comply with the statutory requirements by referencing specific omissions in the complaint and/or by submitting affidavits or other proof. Once the defendant makes a properly supported motion under this rule, the burden shifts to the

plaintiff to show either that it complied with the statutes or that it had extraordinary cause for failing to do so. Based on the complaint and any other relevant evidence submitted by the parties, the trial court must determine whether the plaintiff has complied with the statutes. If the trial court determines that the plaintiff has not complied with the statutes, then the trial court may consider whether the plaintiff has demonstrated extraordinary cause for its noncompliance.

*Id.* The trial court's grant of the motion to dismiss is subject to a de novo review with no presumption of correctness because we are reviewing the trial court's legal conclusion. *Blackburn v. Blackburn,* 270 S.W.3d 42, 47 (Tenn. 2008); *Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87, 91 (Tenn. 1993).

"The question of whether [plaintiff] has demonstrated extraordinary cause that would excuse compliance with the statutes is a mixed question of law and fact, and our review of that determination is de novo with a presumption of correctness applying only to the trial court's findings of fact and not to the legal effect of those findings." *Myers*, 382 S.W.3d at 307-08 (citing *Starr v. Hill*, 353 S.W.3d 478, 481-82 (Tenn. 2011)). This court reviews a "trial court's decision to excuse compliance under an abuse of discretion standard." *Id.* at 308. "A trial court abuses its discretion only when it 'applie[s] an incorrect legal standard or reache[s] a decision which is against logic or reasoning that cause[s] an injustice to the party complaining.'" *Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001) (quoting *State v. Shirley*, 6 S.W.3d 243, 247 (Tenn. 1999)). If a discretionary decision is within a range of acceptable alternatives, we will not substitute our judgment for that of the trial court simply because we may have chosen a different alternative. *White v. Vanderbilt Univ.*, 21 S.W.3d 215, 223 (Tenn. Ct. App. 1999).

This appeal also involves the interpretation of statutes. Statutory construction is a question of law that is reviewed de novo without any presumption of correctness. *In re Estate of Tanner*, 295 S.W.3d 610, 613 (Tenn. 2009). This court's primary objective is to carry out legislative intent without broadening or restricting the Act beyond its intended scope. *Houghton v. Aramark Educ. Res., Inc.*, 90 S.W.3d 676, 678 (Tenn. 2002). In construing legislative enactments, we presume that every word in a statute has meaning and purpose and should be given full effect if the obvious intention of the legislature is not violated by so doing. *In re C .K.G.*, 173 S.W.3d 714, 722 (Tenn. 2005). When a statute is clear, we should apply the plain meaning without complicating the task. *Eastman Chem. Co. v. Johnson*, 151 S.W.3d 503, 507 (Tenn. 2004).

## IV. DISCUSSION

### A. & B.

Plaintiffs assert that the trial court erred in dismissing Lawsuit 2 because Tennessee Code Annotated section 29-26-121 does not provide for dismissal as a sanction for failure to comply. They alternatively assert that "extraordinary cause exists that would excuse compliance as to notice." Defendants respond that the trial court did not err in dismissing Lawsuit 2. They assert that dismissal of the complaint was a proper penalty for noncompliance with section 29-26-121. They further contend that Plaintiffs failed to demonstrate extraordinary cause to excuse their noncompliance.

As to notice before the suit, the TMMA provides, in pertinent part,

(a)(1) Any person, or that person's authorized agent, asserting a potential claim for health care liability shall give written notice of the potential claim to each health care provider that will be a named defendant at least sixty (60) days before the filing of a complaint based upon health care liability in any court of this state.

* * *

(3) The requirement of service of written notice prior to suit is deemed satisfied if, within the statutes of limitations and statutes of repose applicable to the provider, one of the following occurs, as established by the specified proof of service, which shall be filed with the complaint:

> (A) Personal delivery of the notice to the health care provider or an identified individual whose job function includes receptionist for deliveries to the provider or for arrival of the provider's patients at the provider's current practice location. Delivery must be established by an affidavit stating that the notice was personally delivered and the identity of the individual to whom the notice was delivered; or

* * *

(b) If a complaint is filed in any court alleging a claim for health care liability, the pleadings shall state whether each party has complied with subsection (a) and shall provide the documentation specified in subdivision (a)(2). The court

-5-

may require additional evidence of compliance to determine if the provisions of this section have been met. The court has discretion to excuse compliance with this section only for extraordinary cause shown.

Tenn. Code Ann. § 29-26-121.

In *Myers*, a case similarly involving a re-filed complaint, the Tennessee Supreme Court ruled that the statutory requirements that a plaintiff give 60 days pre-suit notice and file a certificate of good faith with the complaint are mandatory and not subject to substantial compliance. 382 S.W.3d at 310. The Court held that the re-filed action commenced pursuant to the saving statute was a new action governed by the statutory provisions in sections 29-26-121 and 122. However, the Court also held that "the legislature did not expressly provide for the consequence of dismissal with prejudice as it did in [] section 29-26-122." *Id.* at 312. Indeed, the Court refrained to address the "appropriate sanction" for failure to comply with section 29-26-121 because plaintiff had also failed to comply with the certification requirements, which mandated dismissal. *Id.*

In *Foster v. Chiles*, No. E2012-01780-COA-R3-CV, 2013 WL 3306594, at *6 (Tenn. Ct. App. June 27, 2013), a panel of this court considered the issue of sanctions in a case involving slightly different circumstances. In *Foster*, the plaintiffs filed the proper pre-suit notices before filing their initial complaint. 2013 WL 3306594, at *1. The plaintiffs voluntarily dismissed their initial suit and then filed a second complaint without filing the proper pre-suit notices or attaching copies of the prior notices to the second complaint. *Id.* In declining to affirm the dismissal of the second complaint for failure to comply with section 29-26-121, this court stated,

Although *Myers* found it unnecessary to explicitly address the consequence of noncompliance with section 121, the import of the Supreme Court's analysis seems clear. If the legislature intended to require the draconian remedy of dismissal with prejudice for noncompliance with section 121, then it would have said so, just as it did with respect to section 122, which was enacted at the same time and which addresses the same general subject matter. We conclude that section 121 does not *require* a court to dismiss a complaint with prejudice for noncompliance with the notice requirement of that section.

This conclusion is in keeping with the general principle that "Tennessee law strongly favors the resolution of all disputes on their merits." *Henley v. Cobb*, 916 S.W.2d 915, 916 (Tenn. 1996); *see also Hinkle v. Kindred Hosp.*, No. M2010-02499-COA-R3-CV, 2012 WL 3799215 at *7, *15 (Tenn. Ct. App. M.S., filed Aug. 31, 2012) (declining to "conclude that any deviation from the

-6-

strict letter of Tenn. Code Ann. § 29-26-121, no matter how small, would compel the courts to dismiss any medical malpractice claim asserted, no matter how meritorious" and observing that "[t]he hospital received actual notice. It seems to us that the technical requirements in the statute are intended to provide just that: notice of the claim."). The language of section 121(b) providing that "[t]he court may require additional evidence of compliance to determine if the provisions of this section have been met" also supports the conclusion that automatic dismissal with prejudice is not required when a plaintiff neglects to attach proof of service to his or her complaint. In such an instance, the statute contemplates a hearing so the court may consider "additional evidence of compliance" rather than outright dismissal. Under the circumstances presented here, where plaintiffs provided sufficient notice under the statute and inadvertently failed to include – with the second complaint – copies of the notice provided to the defendants, there is no reason why the court should not allow plaintiffs to rectify their oversight by filing the required proof late.

We are mindful of the fact that section 121(b) provides that "the pleadings . . . shall provide the documentation specified in subdivision (a)(2)." (Emphasis added). We are also aware that the word "shall" in a statute often indicates a mandatory requirement, *see Bellamy v. Cracker Barrel Old Country Store, Inc.*, 302 S.W.3d 278, 281 (Tenn. 2009), but this interpretation is not always required. The Supreme Court in Myers, noted that whether the word "shall" is interpreted to be mandatory or simply directory depends upon "whether the prescribed mode of action is of the essence of the thing to be accomplished." *Myers*, 382 S.W.3d at 309. Here "the essence of the thing to be accomplished" is the giving of the notice, not the attaching of evidence of same to the complaint. Under these circumstances, we hold that the provision in section 121(b) under discussion, is directory and not mandatory. Thus, the use of the word "shall" in section 121(b) is not inconsistent with our holding that dismissal is not required by the statute for noncompliance.

*Foster*, 2013 WL 3306594, at *6-7.

We are mindful of the fact that this case presents a substantially different scenario than the one presented in *Foster*. It is undisputed that Plaintiffs filed Lawsuit 1 prior to the enactment of section 29-26-121 and that Plaintiffs did not comply with section 29-29-121 before filing Lawsuit 2. However, the analysis in *Foster* holds true to this case. If the legislature had intended to require dismissal with prejudice as the appropriate sanction for noncompliance with section 29-26-121, "it would have said so, just as it did with respect to

section 122, which was enacted at the same time and which addresses the same general subject matter." *Id.* at \*6; *see also Myers*, 382 S.W.3d at 310 (declining to address the issue of the appropriate sanction for noncompliance with section 29-26-121). Under the circumstances presented here, where Plaintiffs filed their initial suit prior to the enactment of the statutory notice requirements and when Defendants had some notice of the potential claim as a result of the initial lawsuit, we conclude that the trial court erred in dismissing Lawsuit 2 for noncompliance with section 29-26-121.

Having found that dismissal of the complaint was not warranted, we must also address the question of whether the trial court abused its discretion by failing to excuse compliance, thereby rendering Plaintiffs subject to sanctions, in some form, for their noncompliance. Plaintiffs allege,

> Based upon the lack of case law during the time period wherein [Plaintiffs were] filing [the] complaint pursuant to the saving statute and the extraordinary efforts of Plaintiffs in attempting to comply with the statute should be deemed extraordinary cause and [Plaintiffs] should be excused from failure to strictly comply with same.

Plaintiffs' attempts to comply with the pre-suit notice requirements were anything but extraordinary. The pertinent provisions of the TMMA had been enacted for approximately 19 months by the time Lawsuit 2 was filed. Yet, Plaintiffs made no effort to afford Defendants *any* pre-suit notice of Lawsuit 2. *Myers*, 382 S.W.3d at 310 (discussing the importance of notice relating to the continuation of medical malpractice claims). With these considerations in mind, we conclude that the trial court did not abuse its discretion by refusing to excuse compliance with section 29-26-121.

For the foregoing reasons, we vacate the dismissal of Plaintiffs' claim and remand this case for further proceedings to determine appropriate sanctions and to allow the claim to proceed. In so holding, we acknowledge several cases Defendants cited in support of their position to the contrary. These cases are factually distinguishable. Three of the cases involved the failure to comply with the certification requirements as well as noncompliance with the pre-suit notice requirements. *Vaughn v. Mountain States Health Alliance*, No. E2012-01042-COA-R3-CV, 2013 WL 817032 (Tenn. Ct. App. March 5, 2013); *Bullock v. Univ. Health Sys., Inc.*, No. E2012-00074-COA-R3-CV, 2012 WL 5907495 (Tenn. Ct. App. Nov. 27, 2012); *Cude v. Herren*, No. W2010-01425-COA-R3-CV, 2011 WL 4436128 (Tenn. Ct. App. Sept. 26, 2011). Four of the cases related to the dismissal of the initial complaint, not a complaint that had been filed pursuant to the saving statute. *Thurmond v. Mid-Cumberland Infectious Diseases Consultants, PLC*, No. M2012-02270-COA-R3-CV, 2013 WL 1798960 (Tenn. Ct. App. Apr. 25, 2013), *perm. app. granted* (Tenn. Aug. 13, 2013);

*Vaughn*, 2013 WL 817032; *DePue v. Schroeder*, No. E2010-00504-COA-R3-CV, 2011 WL 538865 (Tenn. Ct. App. Feb. 15, 2011), *perm. app. denied* (Tenn. Aug. 31, 2011); *Long v. Hillcrest Healthcare-West*, No. E2009-01405-COA-R3-CV, 2010 WL 1526065 (Tenn. Ct. App. Apr. 16, 2010), *perm. app. granted* (Tenn. Feb. 18, 2011).  Lastly, *Childs v. UT Medical Group Incorporated*, 398 S.W.3d 163 (Tenn. Ct. App. 2012) did not address the issue presented in this case, namely whether the failure to comply with the notice requirements set forth in section 29-26-121 mandates dismissal of the action.

C.

Defendants requests attorney fees on appeal.  Tennessee Code Annotated section 27-1-122 provides for an award of sanctions in the form of attorney fees when an appeal is determined to be frivolous.  To find an appeal frivolous, the appeal must be wholly without merit and lacking in justiciable issues.  *See Davis v. Gulf Ins. Group*, 546 S.W.2d 583, 586 (Tenn. 1977); *Indus. Dev. Bd. of Tullahoma v. Hancock*, 901 S.W.2d 382, 385 (Tenn. Ct. App. 1995).  Having concluded that the trial court erred in dismissing the complaint, we respectfully deny the request to award attorney fees on appeal in this case.  Indeed, this appeal is not wholly without merit and lacking in justiciable issues.

## V. CONCLUSION

The judgment of the trial court is vacated, and the case is remanded for further proceedings. Costs of the appeal are taxed equally to the appellees, the Vanderbilt University d/b/a Vanderbilt University Hospital and David Slosky, M.D.

_____
JOHN W. McCLARTY, JUDGE

-9-