

**FILED**

April 2, 2015

**TENNESSEE**
**WORKERS' COMPENSATION**
**APPEALS BOARD**

Time: 8:30 AM

## TENNESSEE DIVISION OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Employee:  Pamela Bates | ) | Docket No.  2014-06-0053 |
| | ) | |
| Employer:  Command Center, Inc. | ) | State File No.  86152-2014 |

In accordance with Rule 0800-02-22-.02(6), please find attached the Workers' Compensation Appeals Board's Opinion Dismissing Appeal of Interlocutory Order of Court Of Workers' Compensation Claims in the referenced case.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Opinion Dismissing Appeal of Interlocutory Order of Court Of Workers' Compensation Claims was sent to the following recipients by the following methods of service on this the 2nd day of April, 2015.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|---|---|---|---|---|---|---|
| Pamela Bates | | | | | X | Pamelabates14@yahoo.com |
| David M. Drobny | | | | | X | ddrobny@manierherod.com |
| Kenneth M. Switzer, Chief Judge | | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | | X | Penny.Patterson-Shrum@tn.gov |

Matthew Salyer
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: Matthew.Salyer@tn.gov

**FILED**

April 2, 2015

**TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD**

Time: 8:30 AM



# TENNESSEE DIVISION OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Employee: Pamela Bates ) | Docket No. 2014-06-0053 |
| ) | |
| Employer: Command Center, Inc. ) | State File No. 86152-2014 |
| ) | |
| ) | |
| Appeal from the Court of Workers' ) | |
| Compensation Claims ) | |
| Kenneth M. Switzer, Judge ) | |

---

### Dismissed and Remanded – Filed April 2, 2015

---

## OPINION DISMISSING APPEAL OF INTERLOCUTORY ORDER OF COURT OF WORKERS' COMPENSATION CLAIMS

This interlocutory appeal involves an employee who alleges injuries stemming from an assault at work by an intoxicated co-worker. The employer refused to provide benefits on the basis that the assault was not work-related. Following an expedited hearing, the trial court denied the employee's request for medical and temporary disability benefits based on a finding that the assault was inherently private in nature with no work-related connection. The employee has appealed. Having carefully reviewed the record, we dismiss the appeal as untimely.

Judge Marshall L. Davidson, III, delivered the opinion of the Appeals Board, in which Judge David F. Hensley and Judge Timothy W. Conner, joined.

Pamela Bates, Nashville, Tennessee, employee-appellant, *pro se*

David M. Drobny, Nashville, Tennessee, for the employer-appellee, Command Center, Inc.

1

## Factual and Procedural Background

Pamela Bates ("Employee"), a resident of Davidson County, Tennessee, was employed by Command Center, Inc. ("Employer") when she claims to have suffered injuries resulting from an assault by a co-worker.[1] Employee alleged that she suffered a "facial injury" when she was assaulted while unloading a truck on August 26, 2014, in Davidson County, Tennessee.

According to the trial court's order filed on February 27, 2015, Employee testified that on August 26, 2014, she reported to work for Employer at a Wal-Mart in Nashville where her supervisor directed her to unload a truck. While performing her assigned duties, a co-worker who was not scheduled to work, Kerry Lindsey, called her an offensive term, to which Employee responded that he was drunk and should "get out of my face." Mr. Lindsey then hit Employee in the face and threw a water bottle at her. Employee reported the incident to her supervisor and to law enforcement. She sought treatment at a hospital, but Employer refused to pay the bill.

Employee testified that she worked with Mr. Lindsey previously and never had any prior conflicts with him. When asked by the trial judge whether the altercation had anything to do with work, Employee responded, "I can't say." According to Employee, she was terminated the day following the assault due to "personal conflict."

Following an expedited hearing, the trial court found that Mr. Lindsey struck Employee in the face while she was at work on August 26, 2014. However, the assault was deemed to be inherently private in nature with no work-related connection. Thus, Employee's request for medical and temporary disability benefits was denied. Employee filed a notice of appeal on March 16, 2015. The record on appeal was submitted to the Appeals Board and a docketing notice was issued to the parties on March 27, 2015.

## Analysis

As an initial matter, we note that Employee has chosen to proceed *pro se* throughout the proceedings in the trial court and on appeal, which is her prerogative. It is well-settled, however, that *pro se* litigants must comply with the same standards to which lawyers must adhere. *Watson v. City of Jackson*, 448 S.W.3d 919, 926-27 (Tenn. Ct. App. 2014). As one court has observed,

---

[1] No transcript of the expedited hearing or statement of the evidence has been filed. Thus, we have gleaned the factual background from the pleadings and the trial court's order entered after the expedited hearing.

2

[p]arties who decide to represent themselves are entitled to fair and equal treatment by the courts. The courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system. However, the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe.

*Akard v. Akard*, No. E2013-00818-COA-R3-CV, 2014 Tenn. App. LEXIS 766, at *11 (Tenn. Ct. App. Nov. 25, 2014) (quoting *Hessmer v. Hessmer*, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003)).

With the foregoing in mind, we turn to the timeliness of this appeal. Tennessee Code Annotated section 50-6-217(a)(1)(A) (2014) states that "[w]ithin seven (7) business days after issuance of an interlocutory order for temporary disability or medical benefits by a workers' compensation judge, either party may request an appeal of the decision." Here, the trial court's decision was filed on February 27, 2015, making the notice of appeal due on or before March 10, 2015. The notice of appeal was filed on March 16, 2015, outside the time provided for in section 50-6-217(a)(1)(A). Accordingly, the appeal is untimely and must be dismissed.

We do not dismiss this appeal lightly, for we recognize that Tennessee law favors the resolution of disputes on their merits rather than on mere legal technicalities. *See Henley v. Cobb*, 916 S.W.2d 915, 916 (Tenn. 2006) ("It is well settled that Tennessee law strongly favors the resolution of all disputes on their merits . . . ."); *Hardcastle v. Harris*, 170 S.W.3d 67, 81 (Tenn. Ct. App. 2004) ("Tennessee law and policy have always favored . . . disputes . . . be resolved on their merits rather than on legal technicalities."). The filing of a notice of appeal, however, is no mere technicality.

The timely filing of a notice of appeal is "mandatory and jurisdictional in civil cases," *Albert v. Frye*, 145 S.W.3d 526, 528 (Tenn. 2004), including workers' compensation cases, *Trivett v. Litchfield*, No. E2000-01307-WC-R3-CV, 2002 Tenn. LEXIS 200, at *3 (Tenn. Workers' Comp. Panel May 1, 2002). Appellate courts treat the untimely filing of a notice of appeal in civil cases as a jurisdictional defect, resulting in a dismissal of the appeal. *See, e.g., Jefferson v. Pneumo Services Corp.*, 699 S.W.2d 181, 184 (Tenn. Ct. App. 1985). In other words, the failure to file a timely notice of appeal deprives the court of jurisdiction to decide the appeal. *Jackson v. State*, No. W2013-02423-COA-R3-CV, 2014 Tenn. App. LEXIS 562, at *10 (Tenn. Ct. App. Sept. 11, 2014). And, unlike most deadlines involved in an appeal, the time in which to file an appeal cannot be waived or extended. *Id.*

3

We also note that the general assembly has expressed its intent that the workers' compensation system be administered in an "equitable, expeditious, and efficient" manner. Tenn. Code Ann. § 4-3-1409(b)(2)(A) (2014). To that end, workers' compensation cases must be expedited and given priority on both trial and appellate dockets. Tenn. Code Ann. 50-6-225(b)(1) (2014). Thus, the prompt resolution of workers' compensation cases is paramount, and the *timely* filing of a notice of appeal is an essential part of achieving that objective. If the rule were otherwise, parties would be faced with the uncertainty of not knowing if or when a trial court's decision will be challenged, an untenable situation inconsistent with both the spirit and purpose of the workers' compensation system. *See Howse v. Campbell*, No. M1999-01580-COA-R3-CV, 2001 Tenn. App. LEXIS 311, at *7 (Tenn. Ct. App. May 2, 2001) (observing that the purpose of the notice of appeal is to formally indicate a party's intention to appeal a trial court's decision).

Consistent with these settled principles, we hold that the timely filing of a notice of appeal is required to properly perfect an appeal of a trial court's decision. Because the notice of appeal in the present case was filed beyond the statutorily prescribed period of time to do so, Employee's appeal is dismissed.

## Conclusion

For the foregoing reasons, we conclude that Employee's appeal is untimely and must be dismissed. The case is remanded for any further proceedings that may be necessary.

**Marshall L. Davidson, III, Judge**
**Workers' Compensation Appeals Board**

4