GENERAL ACCIDENT FIRE AND LIFE ASSURANCE CORPORATION,
LTD.

*v.*

BENJAMIN F. KIRKLAND.

356 S.W. 2d 283.

(*Knoxville,* September Term, 1961.)

Opinion filed April 4, 1962.

40

Cheek, Taylor & Groover, Calvin N. Taylor, Knoxville, for petitioner.

Wilbur W. Piper, Knoxville, for respondent.

Mr. Justice White delivered the opinion of the Court.

This is a Workmen's Compensation case commenced originally in the Circuit Court at Knoxville against H. K. Ferguson Company of Anderson County, as the employer, and Potomac Insurance Company, the supposed insurance carrier. When it developed from the pleadings that the Potomac Insurance Company was not the insurance carrier, then the correct insurance carrier, General Accident Fire and Life Assurance Corporation was substituted as the defendant and service of process was attempted to be had on said Company through the insurance commissioner of the State of Tennessee, said Company having no office or place of business in Knox County.

Both defendants filed pleas in abatement stating they were non-residents of the State of Tennessee and had no office or place of business in Knox County and, therefore, the Circuit Court of Knox County had no jurisdiction of either the employer or the insurance carrier. Thereupon, the plaintiff took a voluntary nonsuit as to the employer, H. K. Ferguson Company, and the Court overruled the plea in abatement filed by the Insurance Company. The case was then heard on its merits and a judgment was entered for the petitioner. Upon appeal the Court in an opinion written by Mr. Justice Swepston reversed the action of the Trial Court in overruling the plea in abatement of said Insurance Company and dismissed the suit. 207 Tenn. 72, 338 S.W.2d 549. This opinion was announced by the Court on September 9, 1960.

On November 17, 1960, the petitioner commenced a new action against said General Accident Fire and Life Assurance Corporation, Ltd., and his employer, H. K. Ferguson Company, in the Circuit Court for Anderson County, Tennessee, claiming to be entitled to the same benefits for the same reasons as set out in his petition filed in Knox County. To this second petition the defendant filed pleas in abatement contending that the action could not be maintained as to H. K. Ferguson Company because more than one year had elapsed since the entry of the voluntary nonsuit in February, 1959. The Trial Court sustained the plea as to the defendant, employer, and no appeal was taken for such action.

The Insurance Carrier contended that the plea should be sustained because it was an ancillary defendant in the suit in Knox County and since the case had been dis-

missed as to the primary defendant, the employer, and was not renewed within one year that the action against the defendant, Insurance Carrier, could not be maintained.

It was the further plea of the defendant that the action against it was not commenced within the time permitted under Section 50-1003 T.C.A., which provides "the right to compensation * * * shall be forever barred, unless within one (1) year after the accident resulting in injury or death * * * a claim for compensation under the provisions of this law is filed with the tribunal having jurisdiction to hear and determine the matter; * * *."

It is contended by the defendant, appellant herein, that Section 28-106 T.C.A. does not save to the petitioner, appellee, the right to maintain this action. Section 28-106 provides:

"If the action is commenced within the time limited by a rule or statute of limitation, but the judgment or decree is rendered against the plaintiff upon any ground not concluding his right of action, or where the judgment or decree is rendered in favor of the plaintiff, and is arrested, or reversed on appeal, the plaintiff, or his representatives and privies, as the case may be, may, from time to time, commence a new action within one (1) year after the reversal or arrest."

This is a remedial statute having general application. Gilreath Caruthers History of a Lawsuit, Section 52, page 59, states:

"The statute is remedial and should be liberally construed in furtherance of its purpose. But, for the statute to apply, the parties, purpose and subject-

matter must be the same in both cases and the judgment or decree must have been rendered against the plaintiff on some ground not concluding his cause of action, such as the plaintiff taking a nonsuit; or if the judgment or decree was in plaintiff's favor it must have been arrested or reversed on appeal." *Nashville, Chattanooga and St. Louis Ry. Co. v. Bolton,* 134 Tenn. 447, 184 S.W. 9.

In the case of *Burns v. Peoples Tel. & Tel. Co.,* 161 Tenn, 382, 33 S.W.2d 76, the late Mr. Chief Justice Green in speaking for the Court said:

"Where an action not already barred by the statute of limitations is commenced in the wrong court and dismissed for lack of jurisdiction, such action is sufficient to suspend the statute of limitations and to permit a new suit to be commenced within a year after such dismissal under a statute providing that if an action is commenced within the time limited and judgment is rendered against the plaintiff upon any ground not concluding his right of action, he may commence a new action within one year."

Within recent years our Court, as well as the Courts of last resort of other States, has paid more attention to the basic and intrinsic rights of the parties than it has to form, doing justice between the parties in administering the spirit of the law instead of the cold letter of the law. The letter of Section 28-106 T.C.A., as well as the spirit which prompted its enactment, shows that its basic purpose was to aid the Courts in administering the law fairly between litigants without binding them to minor and technical mistakes made by their counsel in interpreting the complexities of our laws of procedure. In the

44

case of *Rye v. DuPont Rayon Company,* 163 Tenn. 95, 96, 40 S.W.2d 1041, Mr. Justice Cook speaking for the Court said:

"The statute of limitations incorporated in the Compensation Act affects the remedy and is not a statute of proscription.

"An action under the Compensation Act to recover compensation for the death of an employe may be renewed within one year after the dismissal for failure to prosecute of a similar action previously brought, the statute authorizing a new action within one year after the conclusion of a former action which was not decided upon grounds concluding the right of action having application."

We know of no sound, legal or equitable reason for not applying the rule set out in Section 28-106 T.C.A. to the case at bar.

The case of *Burns v. Peoples Tel. & Tel. Co.,* supra, is a complete answer to the contention of the appellant that its plea in abatement should be sustained. Therefore, Assignment of Error No. 4 is overruled.

All of the other Assignments of Error are directed in the main toward the introduction of evidence and consideration of the Court thereof, and final decision of the Court in connection therewith. Therefore, a statement of the facts is now in order.

The petition filed on behalf of Kirkland sets out that he is a resident citizen of Knox County, Tennessee, and under Section 1 of his petition he states that he filed a petition against the defendant, General Accident Fire and Life Assurance Corporation, Ltd., in the Circuit

Court of Knox County, Tennessee, on November 24, 1958; that a plea in abatement to said suit was filed by said defendant and overruled by the Trial Court; that upon the trial of the case on the merits a judgment was rendered in his favor, awarding to him benefits for permanent total disability and medical bills in the amount of $345.98; that upon appeal his petition was dismissed and the plea in abatement filed by the defendant was sustained.

Under Section 2 of the petition, the petitioner alleged that the defendant issued an insurance policy insuring the liability of his employer, H. K. Ferguson Company, under the terms and conditions of the Workmen's Compensation Law of Tennessee.

Under Sections 3 and 4 it was alleged that the petitioner was in the regular employ of H. K. Ferguson Company as a mechanic and earned an average weekly wage of approximately $126.00. That on or about the 26th day of March, 1958, while petitioner was engaged in his said employment, he was injured as the result of an accident which arose out of and in the course of his employment, in that, while petitioner was in the act of repairing a truck owned by the Atomic Energy Commission, which was being used by said employer, he was using a heating torch in the process of straightening the body of the truck. Petitioner was standing in the bed of the truck and when he started to alight from the truck, he lost his footing and fell to the concrete floor a distance of approximately five feet striking his head with great force and violence against the concrete suffering severe injuries to his skull, head and brain causing him to be confined in a hospital for a period of twenty-five days and to incur

medical expenses in the proper treatment of said injuries. He alleges his total and permanent disability and he claims to have lost all sense of equilibrium, his sense of smell, his eyesight has become impaired and his speech has become impaired.

The petitioner alleged that the defendant, General Accident Fire and Life Assurance Corporation, Ltd., recognized his claim and paid temporary total disability benefits to him until September 3rd, 1958, at which time such payments ceased, without reason.

The defendant in its answer admitted the averments of Sections 1 and 2 of the petition, and it also admitted that the petitioner was employed by H. K. Ferguson on March 26, 1958, but denies that plaintiff was injured as the result of an accident arising out of and in the course of his employment, and denies specifically that the accident occurred as set forth in the petition under Section 3 thereof. The defendant further answering said:

"Before it came aware of the fact that plaintiff's injuries and temporary disability were from causes other than an injury under the Compensation Laws of Tennessee, plaintiff having been under the care of a physician of his choosing and not one employed by plaintiff, (evidentally meaning defendant) that the plaintiff was paid temporary disability for a period of weeks; but that such payments are not binding on it, and were not earned by plaintiff under the terms of the Laws of Tennessee; and it denies plaintiff is entitled to any further temporary disability; and, if entitled to total permanent disability, that such payments shall be credited against such award. Defendant denies that plaintiff is entitled to any medical expenses

paid by him, or medicines obtained by him, and that such were for causes other than an accidental injury.

"Defendant agrees that it learned of injuries and disability but says that it was kept from the facts as to the cause of the disability by plaintiff's physician; and that it was later learned that such medical and hospital bills were not earned under the terms of the Workmen's Compensation Laws of Tennessee."

In support of the petition filed, the petitioner testified that he and a fellow employee were straightening a frame or a body of a dump truck and that they had been working for more than two hours heating the frame or body of the truck with a torch trying to get it hot enough to straighten it out. The petitioner testified:

"As well as I can remember I told Mr. Black (his fellow employee) to light the torch and put some more heat on it and I started to get down and I remember putting my foot on the floor, hitting the floor, then something hit me. I don't know whether I slipped, whether I stepped on a piece of grease or whether I got something on my feet out of the body of the truck, I just don't know what happened."

He was then asked:

"Q. At the time you felt this slipping movement or when this accident happened, where were you standing?

"A. I was getting down off the truck in the act of getting down off the body which was about five feet from the floor."

The next thing the petitioner remembered was that an ambulance came to pick him up and then took him to a

hospital. The witness Black testified that he had gone to the front part of the truck and did not actually witness the fall, but upon his return to the side of the truck, within a period of seconds from the time that he had left, he found the petitioner lying prostrate beside the truck bleeding from his ears and his nose. It was later found that petitioner suffered a fracture of his skull.

■ While the evidence of the petitioner as to how his injury occurred is not crystal clear, it, nevertheless, is reasonably susceptible of the conclusion that he slipped and fell while trying to get down off the truck or to alight from the truck.

In the case of *Tapp v. Tapp,* 192 Tenn. 1, 236 S.W.2d 977, the Court held:

"Any reasonable doubt as to whether the act or injury of employee arose out of the employment should be resolved in favor of the employee or dependent.

"The case comes within the general principle that an employee who, while suffering from an illness not induced by his employment, is injured by falling into a machine, or by falling downstairs or against a partition, it is entitled to compensation when it is found that the immediate and direct cause of such injury was coming into contact with such an object and that the contact was a risk or hazard incident to the employment."

■ Before an employee may recover a claim for Workmen's Compensation it is incumbent upon him, first, to show that he and his employer are bound by the terms and conditions of the Workmen's Compensation Act. Second, that he is an employee within the meaning of that

Act. Third, that he suffered an accidental injury which grew out of and in the course of his employment, and finally that such injury resulted in disability to some degree.

In the instant case it is admitted that the parties occupied the relationship of employer and employee under the Act. The proof showed that petitioner was acting in the course of his employment at the time of his disablement, and the record shows that he suffered an accidental injury which grew out of his employment.

Many cases have held that an injury is received in the course of employment when it occurs while the workman is doing the duties which he is employed to perform.

In the case of *Davis v. Wabash Screen Door Co. et al.*, 185 Tenn. 169, 172, 173, 204 S.W.2d 87, the Court said:

"Any injury arises out of the employment when there is apparent to the rational mind upon consideration of all the circumstances a causal connection between the conditions under which the work is required to be performed and the resulting injury. \* \* \*

"\* \* \* if the injury can be seen to have followed as a natural incident of the work, and to have been contemplated by a reasonable person familiar with the whole situation as a result of the exposure occasioned by the nature of the employment, then it arises 'out of' the employment."

The proof shows that the defendant recognized the claim of the petitioner and paid him weekly benefits for a period of twenty-three weeks and then refused to pay additional compensation on the ground that it had learned for the first time that he was not entitled to receive such

payment, and the record indicates that it received this information from a doctor who examined the petitioner at its request. The record indicates that petitioner was examined by two medical doctors on behalf of the defendant, but neither of them testified on the trial of this case.

The doctors who did testify supported the petitioner in his claims and both of them say the petitioner is totally and permanently disabled. The Trial Court originally, in Knox County, held that the petitioner was entitled to the benefits of the Act, and the Trial Court in Anderson County in the instant case also held that the petitioner is entitled to the benefits of the Act and held that he is totally and permanently disabled, and that he is entitled to the payment of all hospital, doctors and medical bills and entered a judgment accordingly.

Section 50-902, Sub-Section (a) T.C.A. states:

"If the employer is insured, it shall include his insurer, unless otherwise herein provided."

This simply means that the Insurance Carrier is the employer within the meaning of the Act.

In the case of *Mastin & Company et al. v. Loveday,* 202 Tenn. 589, 590, 308 S.W.2d 385, in an opinion by Mr. Justice Tomlinson, the Court said:

"An injured employee may bring suit directly against employer's insurer alone; he is not required to also sue employer.

"An injured employee, if he so elects, may bring suit against the employer's insurer in county in which the employee resides, even though it is a different county from that in which accident occurred, but in-

surer must be legally servable with process in that county."

■■ Therefore, the petitioner had the right to sue the Insurance Carrier without joining the employer and the mere fact that the statute of limitations barred his right to bring suit against his employer, this alone, would not prevent his suing and recovering from the insurer. In other words, the employer and insurer are each principals and are jointly and severably liable to the employee. *Collins v. Murray*, 164 Tenn. 580, 51 S.W.2d 834.

We have very carefully considered all assignments of error and find them to be without merit. There is ample evidence in the record of a material nature to support the findings of the Trial Court. Therefore, his action is in all things affirmed and this case is remanded for the entry of such decrees and orders as the Court may make consistent with this opinion.

The costs of the cause are adjudged against the appellant.