Susie P. HENLEY and Kenneth Henley, Plaintiffs–Appellants,

v.

Lewis Latane COBB, Jr., Defendant–Appellee.

Supreme Court of Tennessee, at Jackson.

Feb. 26, 1996.

W. Mark Ward, Memphis, Reed L. Malkin, Memphis, for Plaintiffs–Appellants.

Jerry D. Kizer, Jr., Dale Conder, Jr., Rainey, Kizer, Butler, Reviere, & Bell, P.L.C., Jackson, for Defendant–Appellee.

OPINION

DROWOTA, Justice.

In this personal injury case, the plaintiffs, Susie and Kenneth Henley, appeal from the

Court of Appeals' affirmance of the summary judgment granted in favor of the defendant, Lewis Cobb, on statute of limitations grounds. This case presents one issue for our determination: whether the plaintiffs are entitled to the benefit of the "saving statute," Tenn.Code Ann. § 28–1–105, so as to avoid the statute of limitations bar under the facts of this case.

### FACTS AND PROCEDURAL HISTORY

On December 9, 1990, the plaintiffs Susie and Kenneth Henley, residents of Shelby County, were involved in an automobile accident with the defendant Lewis Cobb, a resident of Madison County. Although the accident occurred in Gibson County, the plaintiffs filed a negligence action against Cobb in the Shelby County Circuit Court on December 5, 1991, four days before the one year statutory period of limitations applicable to such actions, see Tenn.Code Ann. 28–3–104, was to expire. The summons and complaint was duly served on Lewis Cobb at his residence in Madison County on December 12, 1991.

On January 23, 1992, the defendant moved to dismiss the case, arguing that pursuant to Tenn.Code Ann. § 20–4–101(a), venue was only proper in Gibson County—the county where the cause of action arose—or Madison County—the county in which the defendant resided. In response to this pleading, the plaintiffs took a voluntary nonsuit on January 30, 1992, and refiled their case on March 2, 1992, in the Madison County Circuit Court.

On January 13, 1993, the defendant moved for summary judgment, arguing that the action was time-barred because it was not filed in a court with proper venue within one year of the date of the accident. The plaintiffs responded to this motion by citing the saving statute, Tenn.Code Ann. § 28–1–105, which provides as follows:

*If the action is commenced within the time limited by a rule or statute of limitation, but the judgment or decree is rendered against the plaintiff upon any ground not concluding his right of action,* or where

the judgment or decree is rendered in favor of the plaintiff, and is arrested, or reversed on appeal, *the plaintiff, or his representatives and privies, as the case may be, may, from time to time, commence a new action within one (1) year after the reversal or arrest.*

(emphasis added.)

The plaintiffs argued that because they took a voluntary nonsuit in response to the defendant's motion to dismiss on the ground of improper venue, the judgment was rendered against them upon a ground that did not conclude their right of action. Because they filed the action in Shelby County within the one-year limitations period, the plaintiffs concluded, they should receive the benefit of the saving statute. The defendant, on the other hand, argued that the saving statute should not apply because the plaintiffs were grossly negligent in filing the action in Shelby County, which was neither the county in which the cause of action arose nor the county in which the defendant resided.

The trial court granted the defendant's motion for summary judgment. The Court of Appeals affirmed this judgment, and we granted the plaintiffs' application for permission to appeal in order to clarify the scope of the saving statute.

### ANALYSIS

■ It is well settled that Tennessee law strongly favors the resolution of all disputes on their merits, and that the saving statute is to be given a broad and liberal construction in order to achieve this goal. *Woods v. Palmer,* 496 S.W.2d 474 (Tenn.1974); *Balsinger v. Gass,* 214 Tenn. 343, 379 S.W.2d 800 (1964); *Brooksbank v. Roane County,* 207 Tenn. 524, 341 S.W.2d 570 (1960). This rule and its supporting rationale were ably enunciated in *General Accident Fire & Life Assur. Corp. v. Kirkland,* 210 Tenn. 39, 356 S.W.2d 283 (1962), where we stated that:

Within recent years our Court, as well as the Courts of last resort in other States, has paid more attention to the basic and

intrinsic rights of the parties than it has to form, doing justice between the parties in administering the spirit of the law instead of the cold letter of the law. The letter of Section 28–106 T.C.A. [the forerunner to § 28–1–105], as well as the spirit which prompted its enactment, shows that the basic purpose was to aid the courts in administering the law fairly between litigants without binding them to minor and technical mistakes made by their counsel in interpreting the complexities of our laws of procedure.

*Kirkland,* 210 Tenn. at 43, 356 S.W.2d at 285.

The plaintiffs argue that this rule of construction, coupled with the unqualified language of the saving statute, entitles them to refile the case. The defendant, on the other hand, argues that the saving statute does not apply if the party seeking to invoke it has been guilty of gross negligence in suffering the adverse judgment. He cites several cases, including *Smith v. McNeal,* 109 U.S. 426, 3 S.Ct. 319, 27 L.Ed. 986 (1883); *Davis v. Parks,* 151 Tenn. 321, 270 S.W. 444, 446 (1924) (citing *Smith* ); and *Moran v. Weinberger,* 149 Tenn. 537, 260 S.W. 966, 967 (1924) to support this assertion. The defendant concludes that because the plaintiffs were grossly negligent in filing the action in Shelby County, they should not be allowed to invoke the statute.

Initially, while it is true that the United States Supreme Court and this Court have stated that the saving statute is unavailable to a party exhibiting gross negligence, it is also true that none of these statements were central to, or necessary for, the holding of the case. For example, the *Smith* court, in the context of an action to recover Tennessee property under a federal statute, merely stated that:

Cases might be supposed, perhaps, where the want of jurisdiction in the court was so clear that the bringing of a suit therein would show such gross negligence and in-

difference as to cut the party off from the benefit of the saving statute, as if an action of ejectment should be brought in a court of admiralty, or a bill in equity should be filed before a justice of the peace. But the suit between these parties ... is far from being such a case.

*Smith,* 109 U.S. at 430, 3 S.Ct. at 321. Similarly, although the *Moran* court stated that "the statute ... is to be liberally construed, but protection against the laches, negligences, or other fault of the plaintiff was not part of its purpose," *Moran,* 260 S.W. at 967, this statement was dicta, having no necessary bearing on the holding of the Court. In fact, to our knowledge no Tennessee appellate court has ever held that a party is not entitled to invoke the statute because of its fault in suffering the adverse judgment.

■ If, then, the negligence of the party in suffering the adverse judgment is not the test of the saving statute's applicability, but has been merely mentioned in dicta, what is the test? A closer reading of our cases reveals that notice to the party affected is the true test of the statute's applicability. The paramount importance of the notice consideration is exemplified by *Burns v. People's Telegraph & Telephone Co.,* 161 Tenn. 382, 33 S.W.2d 76 (1930). In *Burns,* the defendant argued that an action filed in a court having no subject-matter jurisdiction did not qualify as an action "commenced within the time limited by a rule or statute of limitation," and thus the saving statute did not apply. We rejected this argument, pointing out that the crucial consideration was not the technical form of the first action, but the fact that the defendant actually had notice of it.[1] We stated: "the reason justifying statutes such as [the saving statute] is that the bringing of a suit, whether prosecuted to final judgment or not, gives the defendant notice that the plaintiff has a demand which he proposes to assert," *Burns,* 161 Tenn. at 387, 33 S.W.2d at 78, and that:

The statute is designed to insure to the diligent suitor the right to a hearing in

---

1. In so doing, we overruled *Sweet v. Chattanooga Electric Light Co.,* 97 Tenn. 252, 36 S.W. 1090 (1896), in which we held that an action filed in a

court with no subject-matter jurisdiction was not "an action commenced within the time limited by a rule or statute of limitation."

court till he reaches a judgment on the merits. Its broad and liberal purpose is not to be frittered away by any narrow construction. The important consideration is that, by invoking judicial aid, a litigant gives timely notice to his adversary of a present purpose to maintain his rights before the courts.

*Id.* (quoting *Gaines v. New York,* 215 N.Y. 533, 109 N.E. 594 (N.Y.Ct.App.1915)).

Here, it is undisputed that the defendant was duly served with process in Madison County shortly after the first action was filed. Moreover, the record contains an affidavit of the plaintiffs' counsel, in which he states that in late 1991 he discussed the possibility of filing suit in Shelby County with State Farm Insurance Company, the defendant's insurer, for the purpose of avoiding the limitations period. Although State Farm denies giving its consent for suit to be filed in Shelby County, the record does contain an affidavit of the adjuster assigned to the claim; in this affidavit, the adjuster states that he talked with the defense attorney about the case, and that he knew that a lawsuit in the matter was imminent. Thus, State Farm was clearly aware of the accident; it was also aware of the fact that the plaintiffs were preparing to file an action against its insured.

Because both interested adverse parties were given actual notice of the plaintiffs' legal claims against them, we cannot agree that the plaintiffs' failure to file the action in the proper venue precludes the application of the saving statute. For the foregoing reasons, the judgment of the Court of Appeals is reversed, and the cause remanded for further proceedings consistent with this opinion.

ANDERSON, C.J., and REID, BIRCH and WHITE, JJ., concur.