FILED

04/29/2020

Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
January 23, 2020 Session

## TERRY TOWNSEND v. DAVID W. LITTLE ET AL.

**Appeal from the Chancery Court for Washington County
No. 17-CV-0572     John C. Rambo, Chancellor**

————————————————————

**No. E2019-00706-COA-R3-CV**

————————————————————

The plaintiff and another individual, as co-personal representatives of an estate, filed a probate action, seeking declaratory relief and recovery of personal property concerning a vehicle that allegedly belonged to the estate.  This action was voluntarily nonsuited without prejudice in December 2016.  In November 2017, the plaintiff, in his individual capacity only, filed a complaint for declaratory relief and recovery of personal property, requesting that the vehicle be returned not to the estate but instead to the plaintiff.  The defendants filed a motion to dismiss the plaintiff's 2017 complaint as being untimely.  The Trial Court granted the defendants' motion to dismiss, finding that the plaintiff's individual action was not saved by the Tennessee savings statute, codified at Tennessee Code Annotated § 28-1-105(a), and was, therefore, untimely.  Discerning no error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court
Affirmed; Case Remanded**

D. MICHAEL SWINEY, C.J., delivered the opinion of the court, in which RICHARD H. DINKINS and THOMAS R. FRIERSON, II, JJ., joined.

Terry Townsend, Panama City Beach, Florida, Pro Se.[1]

Roger G. Day, Johnson City, Tennessee, for the appellees, David W. Little and Anthony Joe Snyder, II.

---

[1] Mark W. McFall, an attorney in Johnson City, Tennessee, represented the plaintiff, Mr. Townsend, in the trial court proceedings and, during the appeal, filed an appellate brief on behalf of Mr. Townsend.  He filed a motion to withdraw prior to oral argument, which was granted by this Court.  Mr. Townsend then proceeded *pro se* during oral arguments.

# OPINION

## Background

The original probate action was filed in October 2012, with an amended complaint later filed, by Terry Townsend ("Plaintiff") and Mark W. McFall as co-personal representatives of the estate of Lonnie Clyde Townsend ("the Estate") in the Washington County Chancery Court ("Trial Court") against David W. Little. In that action, the co-personal representatives sought to recover a 1974 Chevrolet Corvette ("the Vehicle") on behalf of the Estate. The petition in the original action requested that the title of the Vehicle be transferred to the Estate and that Mr. Little be required to sign over the Vehicle to the Estate and deliver possession of the Vehicle to Plaintiff and Mr. McFall, as co-personal representatives of the Estate. The original action was voluntarily dismissed without prejudice by Plaintiff and Mr. McFall in December 2016.

In November 2017, Plaintiff, in his individual capacity only, filed a "Complaint for Declaratory Relief and for Recovery of Personal Property" in the Trial Court against Mr. Little. In his complaint, Plaintiff stated that he was seeking return of the Vehicle to Plaintiff. According to Plaintiff's complaint, Plaintiff resides in Florida and had purchased the Vehicle in 2004. Plaintiff subsequently had the Vehicle transported to the home of Plaintiff's father, Lonnie Clyde Townsend ("Decedent"), in Johnson City, Tennessee. Plaintiff's complaint alleges that the car insurance for the Vehicle would not provide coverage for the Vehicle in Decedent's possession unless Decedent was listed on the title of the Vehicle. According to the complaint, Plaintiff caused the title to be transferred to Decedent's name in April 2010.

In April 2012 and after Decedent had been reported as a missing person, Plaintiff had a telephone conversation with the defendant, Mr. Little, and informed him that Plaintiff intended to retrieve the Vehicle from Decedent's home, and return the Vehicle to Florida. During that conversation, Mr. Little told Plaintiff that the car now belonged to Mr. Little because Decedent had given the Vehicle to him as a gift in January 2012. The Vehicle "was titled and registered in Little's name in January of 2012."

In his complaint, the 2017 complaint, Plaintiff alleges that he obtained the services of Larry S. Miller, Ph.D., a Board-Certified Forensic Document Examiner, who had examined Mr. Little's known signatures and handwriting, Decedent's known signatures, and the documents transferring ownership of the Vehicle to Mr. Little. Plaintiff alleges that "Dr. Miller has produced a report in which he opines that the signatures on the documents that transferred title to the Vehicle from the Decedent to Little were not penned by the Decedent and, furthermore, that Little penned the purported signatures of the Decedent." As such, Plaintiff alleges that Mr. Little forged the documents transferring title of the Vehicle to himself. Consequently, Plaintiff requested in his

complaint that the Trial Court enter a judicial declaration (1) that Mr. Little forged the documentation transferring title of the Vehicle to Mr. Little, (2) that such transfer was void, and (3) that title of the Vehicle be transferred to Plaintiff with an instruction for the Tennessee Department of Revenue, Vehicle Services Division, to issue a certificate of title to Plaintiff concerning the Vehicle.

Thereafter, Plaintiff amended his complaint to include both Mr. Little and Anthony Joe Snyder, II ("collectively, Defendants"), as defendants to the action. The amended complaint added additional allegations that Mr. Little had transferred title of the Vehicle to his stepson, Anthony Joe Snyder, II, in June 2017. In the complaint, Plaintiff alleged that the affidavit of transfer listed the transfer as a "lineal relative transfer" and that a stepson does not qualify as a lineal relative. Additionally, Plaintiff claims that because the transfer was for no value, Mr. Snyder was not a bona fide purchaser of the Vehicle. Plaintiff further alleged that Mr. Little had "fraudulently transferred title to the Vehicle to Snyder to defeat [Plaintiff's] right in and to the Vehicle." In his demand for relief, Plaintiff additionally requested that the Trial Court declare that Mr. Snyder was not a bona fide purchaser of the Vehicle and that Mr. Little had fraudulently transferred the title of the Vehicle to Mr. Snyder.

In June 2018, Mr. Little filed an answer to the complaint, denying the allegations of wrongdoing against him. In his answer, Mr. Little alleged that Decedent had informed him that Decedent had purchased the Vehicle from Plaintiff. Mr. Little specifically denied that he had forged the transfer documents of the Vehicle from Decedent to Mr. Little. The answer provided that Mr. Little had executed paperwork to transfer ownership of the Vehicle to Mr. Snyder but that Mr. Synder returned the paperwork to Mr. Little without recording it, stating that he did not want the Vehicle or anything to do with the current litigation.

Mr. Snyder also filed an answer in this matter in June 2018. In his answer, Mr. Snyder acknowledged that in June 2017, Mr. Little executed documents to transfer title of the Vehicle to him but that he never took possession of the Vehicle and had returned the unregistered documents to Mr. Little. Although Mr. Snyder stated that he considered himself to be a lineal relative of Mr. Little, he admitted that he was not a bona fide purchaser of the Vehicle.

In their answers, Defendants both raised the affirmative defense that the action was untimely due to the statute of limitations. According to the answers, the complaint was filed during the one-year refiling period from the previous action but that Plaintiff filed the current action individually and not in his capacity as the co-personal representative of the Estate. Because Plaintiff had knowledge the Vehicle was titled in Mr. Little's name in April 2012 and the current action by Plaintiff in his individual

capacity was not filed until November 2017, Defendants alleged that Plaintiff's action was untimely.

In March 2019, Defendants filed a motion to dismiss Plaintiff's action arguing that the action was untimely, including the same reasoning as in their answers. Plaintiff filed a response to the motion to dismiss arguing that the initial action was timely filed and was dismissed without prejudice on grounds that had not concluded Plaintiff's right of action. Plaintiff further stated that "Terry Townsend in his individual capacity, is a privy of Terry Townsend, as Co-Personal Representative of the Estate of his father, Lonnie Clyde Townsend" and that Plaintiff was also "a privy of Lonnie Clyde Townsend, his father and predecessor." According to Plaintiff, both Plaintiff and Decedent had a mutual interest in the Vehicle.

The Trial Court held a hearing on Defendants' motion to dismiss in March 2019. The Trial Court entered the order dismissing Plaintiff's action in April 2019, which stated as follows in relevant part:

On October 4, 2012, the Plaintiff, Terry Townsend, filed a Verified Petition for Declaratory Relief and for Recovery of Personal Property in the Estate of Lonnie Clyde Townsend in Washington County Probate Court Case No. P-1706. A Motion for Relief to file an Amended Petition was granted and the Amended Petition was deemed filed on March 31, 2015, to seek to recover a 1974 Chevrolet Corvette for the Estate of Lonnie Clyde Townsend. A Notice of Voluntary Nonsuit was subsequently filed and an Order to Dismiss this matter without prejudice was entered in this Court on December 5, 2016.

On November 27, 2017, a new Complaint was filed by the Plaintiff, Terry Townsend, individually, seeking to recover the 1974 Chevrolet Corvette. The Statute of Limitations in the State of Tennessee to recover personal property is three (3) years as set forth by Tennessee Code Annotated § 28-3-105. The Plaintiff, Terry Townsend, knew as early as April, 2012, that the 1974 Chevrolet Corvette was being held by and the ownership claimed by the Defendant, David W. Little. This lawsuit was filed on November 27, 2017, which the Court finds to be outside of the Statute of Limitations, and, further, it is not saved by the Tennessee "Savings Statute." The Plaintiff, Terry Townsend, has filed this lawsuit in his individual capacity whereas the previous lawsuit was filed in his capacity as personal representative for the Estate of Lonnie Clyde Townsend. They are two (2) different Plaintiffs. As such, the Court finds and holds that the Defendants' Motion to Dismiss in this matter is

- 4 -

appropriate, and the Motion to Dismiss is granted and the court costs taxed to the Plaintiff.

Plaintiff timely appealed to this Court.

## **Discussion**

Although not stated exactly as such, Plaintiff raises the following two issues for our review: (1) whether the Trial Court erred by finding that Plaintiff, in his individual capacity, was not a representative or privy of Plaintiff, in his capacity as co-personal representative of the Estate, for purposes of Tennessee Code Annotated § 28-1-105(a) and (2) whether the Trial Court erred by granting Defendants' motion to dismiss. "A statute of limitations defense may be raised in a motion to dismiss under Tennessee Rule of Civil Procedure 12.02(6) for failure to state a claim upon which relief can be granted." *Khah v. Capley*, No. M2018-02189-COA-R3-CV, 2019 WL 5618778, at *1 (Tenn. Ct. App. Oct. 31, 2019) (citing *Gunter v. Lab. Corp. of Am.*, 121 S.W.3d 636, 638 (Tenn. 2003)). As our Supreme Court has instructed:

> A motion to dismiss a complaint for failure to state a claim for which relief may be granted tests the legal sufficiency of the plaintiff's complaint. *Lind v. Beaman Dodge, Inc.*, 356 S.W.3d 889, 894 (Tenn. 2011); *cf. Givens v. Mullikin ex rel. Estate of McElwaney*, 75 S.W.3d 383, 406 (Tenn. 2002). The motion requires the court to review the complaint alone. *Highwoods Props., Inc. v. City of Memphis*, 297 S.W.3d 695, 700 (Tenn. 2009). Dismissal under Tenn. R. Civ. P. 12.02(6) is warranted only when the alleged facts will not entitle the plaintiff to relief, *Webb v. Nashville Area Habitat for Humanity, Inc.*, 346 S.W.3d 422, 426 (Tenn. 2011), or when the complaint is totally lacking in clarity and specificity, *Dobbs v. Guenther*, 846 S.W.2d 270, 273 (Tenn. Ct. App. 1992) (*citing Smith v. Lincoln Brass Works, Inc.*, 712 S.W.2d 470, 471 (Tenn. 1986)).

> A Tenn. R. Civ. P. 12.02(6) motion admits the truth of all the relevant and material factual allegations in the complaint but asserts that no cause of action arises from these facts. *Brown v. Tennessee Title Loans, Inc.*, 328 S.W.3d 850, 854 (Tenn. 2010); *Highwoods Props., Inc. v. City of Memphis*, 297 S.W.3d at 700. Accordingly, in reviewing a trial court's dismissal of a complaint under Tenn. R. Civ. P. 12.02(6), we must construe the complaint liberally in favor of the plaintiff by taking all factual allegations in the complaint as true, *Lind v. Beaman Dodge, Inc.*, 356 S.W.3d at 894; *Webb v. Nashville Area Habitat for Humanity, Inc.*, 346 S.W.3d at 426; Robert Banks, Jr. & June F. Entman, Tennessee Civil Procedure § 5-6(g), at 5-111

(3d ed. 2009). We review the trial court's legal conclusions regarding the adequacy of the complaint de novo without a presumption of correctness. *Lind v. Beaman Dodge, Inc.*, 356 S.W.3d at 895; *Highwoods Props., Inc. v. City of Memphis*, 297 S.W.3d at 700.

*SNPCO, Inc. v. City of Jefferson City*, 363 S.W.3d 467, 472 (Tenn. 2012).

The case before us concerns the applicability of Tennessee's "savings statute," codified at Tennessee Code Annotated § 28-1-105, which provides in pertinent part:

> (a) If the action is commenced within the time limited by a rule or statute of limitation, but the judgment or decree is rendered against the plaintiff upon any ground not concluding the plaintiff's right of action, or where the judgment or decree is rendered in favor of the plaintiff, and is arrested, or reversed on appeal, the plaintiff, or the plaintiff's representatives and privies, as the case may be, may, from time to time, commence a new action within one (1) year after the reversal or arrest. . . .

Regarding the savings statute, this Court has stated:

> Because Tennessee law favors the resolution of disputes on their merits, the savings statute must be given a broad and liberal construction. *Henley v. Cobb,* 916 S.W.2d 915, 916 (Tenn. 1996). The purpose behind the savings statute is "'to aid the courts in administering the law fairly between litigants without binding them to minor and technical mistakes made by their counsel in interpreting the complexities of our laws of procedure.'" *Id.* at 917 (quoting *Gen. Accident Fire & Life Assurance Corp. v. Kirkland,* 210 Tenn. 39, 356 S.W.2d 283, 285 (1962)). To determine whether the savings statute is applicable, the court must ascertain whether the defendant had notice: "[N]otice to the party affected is the true test of the statute's applicability. . . . 'The important consideration is that, by invoking judicial aid, a litigant gives timely notice to his adversary of a present purpose to maintain his rights before the courts.'" *Id.* at 917-18 (quoting *Burns v. People's Tel. & Tel. Co.,* 161 Tenn. 382, 33 S.W.2d 76, 78 (1930)). <u>Thus, the savings statute is only applicable when the original complaint and the new complaint allege substantially the same cause of action, which includes identity of the parties.</u> *See Turner v. Aldor Co. of Nashville,* 827 S.W.2d 318, 321 (Tenn. Ct. App. 1991). It is not necessary that the two complaints be identical, only that the allegations arise out of the same transaction or occurrence. *See Energy Sav. Prods., Inc. v. Carney,* 737 S.W.2d 783, 784-85 (Tenn. Ct. App. 1987) (holding that the savings

- 6 -

statute was applicable to the second complaint, which had been amended to add a new claim, because the claim arose out of the same conduct, transaction, or occurrence alleged in the original action and the plaintiff, therefore, could have added the claim to the first action under Tennessee Rule of Civil Procedure 15). <u>In determining whether there is identity of the parties between the two actions, we are mindful that, though the caption of a case is intended to identify the parties, the allegations of the complaint itself dictate the true parties to the lawsuit.</u> *Goss v. Hutchins,* 751 S.W.2d 821, 824-25 (Tenn. 1988).

*Foster v. St. Joseph Hosp.,* 158 S.W.3d 418, 422 (Tenn. Ct. App. 2004) (emphasis added).

In the present case, Plaintiff argues that he, in his individual capacity, is a privy of Plaintiff and Mr. McFall, as co-personal representatives of the Estate, such that the savings statute should apply. Plaintiff further argues that the Trial Court erred by granting Defendants' motion to dismiss. A "privy" is an individual who is in privity with another person. *See* PRIVY, Black's Law Dictionary (11th ed. 2019). Black's Law Dictionary defines "privity" in part as having a "mutuality of interest." PRIVITY, Black's Law Dictionary (11th ed. 2019). This Court has recognized that in the traditional sense, privity has meant a "mutual or successive relationship to the same rights of property." *Phillips v. Gen. Motors Corp.*, 669 S.W.2d 665, 669 (Tenn. Ct. App. 1984); *see also Collier v. Greenbrier Developers, LLC*, 358 S.W.3d 195, 199-200 (Tenn. Ct. App. 2009) (quoting *Fultz v. Fultz*, 175 S.W.2d 315, 316 (Tenn. 1943)).

Plaintiff filed an action in 2012, along with Mr. McFall, as co-personal representatives of the Estate, seeking a declaration of ownership of the Vehicle by the Estate and requesting that it be returned to the Estate. In this original action, both Plaintiff and Mr. McFall filed the original action on behalf of the Estate to retrieve property allegedly belonging to the Estate. However, the second action was filed only by Plaintiff, in his individual capacity, alleging that he personally owned the Vehicle and seeking a judicial declaration of such, as well as the return of the Vehicle to him, not to the Estate. Plaintiff clearly was not filing the second action on behalf of the Estate as he and Mr. McFall did in the original action.

We hold that the co-personal representatives of the Estate from the original action, which included Plaintiff in his representative capacity, and Plaintiff in his individual capacity in the second action are not substantially identical parties. The plaintiffs in the two actions made contrary arguments concerning ownership of the Vehicle and were seeking different outcomes in the actions. They are not privies of one another, as they do not have a mutuality of interest or a mutual or successive relationship to the same rights of property such that they are in privity together. Therefore, we further hold, as did the

Trial Court, that the savings statute does not operate to save Plaintiff's individual action and that the action was untimely if it was filed outside the statute of limitations period.

In Tennessee, the statute of limitations applicable to actions concerning the detention or conversion of personal property is three years after the cause of action accrues. *See* Tenn. Code Ann. § 28-3-105(2) (2017). Neither party disputes that the statute of limitations pertinent to this action is three years. Because Plaintiff filed his individual action against Defendants in 2017, more than three years after the cause of action accrued in 2012, his individual action was untimely. Therefore, the Trial Court did not err by granting Defendants' motion to dismiss.

### Conclusion

The judgment of the Trial Court is affirmed, and this cause is remanded to the Trial Court for collection of the costs below. The costs on appeal are assessed against the appellant, Terry Townsend, and his surety, if any.

_____
D. MICHAEL SWINEY, CHIEF JUDGE