

**FILED**
**Dec 04, 2023**
**01:04 PM(CT)**
**TENNESSEE**
**WORKERS' COMPENSATION**
**APPEALS BOARD**

# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Oscar L. Romero Perez | ) Docket No. 2022-03-0563 |
| | ) |
| v. | ) State File Nos. 800889-2022 |
| | ) 26980-2022 |
| J&J Tovar Construction, LLC, et al. | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Pamela B. Johnson, Judge | ) |

---

### Affirmed and Remanded

---

In this interlocutory appeal, all parties agree the employee suffered injuries that arose primarily out of and in the course and scope of his employment. The employee's immediate employer was not insured for workers' compensation purposes as of the date of the accident. A contractor for whom the immediate employer was working had a policy of workers' compensation insurance and has been deemed a statutory employer in this case, but the insurer has filed a declaratory judgment action in another court challenging the validity of that insurance contract. The trial court entered an order compelling the employer and/or the statutory employer to provide ongoing medical benefits to which the injured worker is statutorily entitled, and the immediate employer has appealed, arguing the trial court should have ordered the statutory employer's insurer to pay such benefits. Upon careful consideration of the record and arguments of counsel, we affirm the trial court's order and remand the case.

Presiding Judge Timothy W. Conner delivered the opinion of the Appeals Board in which Judge Pele I. Godkin and Judge Meredith B. Weaver joined.

Robert W. Knolton, Knoxville, Tennessee, for the employer-appellant, J&J Tovar Construction, LLC

Ameesh A. Kherani and Federico A. Flores, Jacksboro, Tennessee, for the employee-appellee, Oscar L. Romero Perez

David E. Goudie and Chad M. Jackson, for the appellees, Homestead Construction, Inc. and Northstone Insurance Company

Rockforde D. King, Knoxville, Tennessee, for the appellee, Homestead Construction, Inc.

Allen Callison, Brentwood, Tennessee, for the appellee, Northstone Insurance Company

**Factual and Procedural Background**

Oscar L. Romero Perez ("Employee") worked for J&J Tovar Construction, LLC ("J&J Tovar") as a laborer on a construction site.  On March 28, 2022, a large wooden wall fell onto Employee while he was working within the course and scope of his employment, resulting in significant injuries.[1]  At the time of the accident, J&J Tovar was a subcontractor for Homestead Construction, Inc. ("Homestead").  J&J Tovar had no workers' compensation insurance in place, but Homestead was purportedly insured by Northstone Insurance Company ("Northstone").

For purposes of this appeal, the compensability of Employee's accident is not in dispute.  All parties agree Employee was injured within the course and scope of his employment and is entitled to workers' compensation benefits; all parties agree that J&J Tovar was uninsured but that Homestead had a policy of workers' compensation insurance; and Homestead acknowledges that it is a statutory employer for workers' compensation purposes in accordance with Tennessee Code Annotated section 50-6-113.  However, a coverage dispute has arisen between Homestead and Northstone, which filed a declaratory judgment action in the Chancery Court of Knox County, Tennessee seeking nullification of the insurance contract based on alleged misrepresentations on the application for insurance pursuant to Tennessee Code Annotated section 56-7-103.[2]

In a decision on the record, the trial court entered an order compelling "Homestead and/or J&J Tovar" to provide ongoing medical care for Employee as required by Tennessee Code Annotated section 50-6-204.  J&J Tovar has appealed, arguing the court should specifically order Northstone to provide the benefits to which Employee is entitled pursuant to Tennessee Code Annotated section 50-6-409, which gives an employee the right to enforce an order for workers' compensation benefits against the employer's insurer.  Employee supports J&J Tovar's position on appeal.  In response, Northstone asserts the applicability of section 50-6-409 was not presented as an issue to the trial court and is therefore waived.  It further argues the Court of Workers' Compensation Claims cannot exercise subject matter jurisdiction over any claim against it for workers'

---

[1] The extent and nature of Employee's injuries are not in dispute in this appeal.

[2] Tennessee Code Annotated section 56-7-103 (2023) states, "No written or oral misrepresentation or warranty made in the negotiations of a contract or policy of insurance, or in the application for contract or policy of insurance, by the insured or in the insured's behalf, shall be deemed material or defeat or void the policy or prevent its attaching, unless the misrepresentation or warranty is made with actual intent to deceive, or unless the matter represented increases the risk of loss."

compensation benefits because the declaratory judgment action is pending in another court.

## Standard of Review

The standard we apply in reviewing the trial court's decision presumes that the court's factual findings are correct unless the preponderance of the evidence is otherwise. *See* Tenn. Code Ann. § 50-6-239(c)(7) (2023). However, the interpretation and application of statutes and regulations are questions of law that are reviewed de novo with no presumption of correctness afforded the trial court's conclusions. *See Mansell v. Bridgestone Firestone N. Am. Tire, LLC*, 417 S.W.3d 393, 399 (Tenn. 2013). We are also mindful of our obligation to construe the workers' compensation statutes "fairly, impartially, and in accordance with basic principles of statutory construction" and in a way that does not favor either the employee or the employer. Tenn. Code Ann. § 50-6-116 (2023).

## Analysis

The underlying issue in this appeal hinges on the statutory authority of the Court of Workers' Compensation Claims to order the payment of workers' compensation benefits. Northstone argues that the trial court's authority to order an insurer to pay workers' compensation benefits is, essentially, suspended in circumstances where the insurer has filed a declaratory judgment action challenging the validity of the insurance contract. We disagree with Northstone's argument, but we affirm the trial court's order for the reasons discussed below.

### *Waiver*

As an initial matter, Northstone asserts that "the question of whether [Tennessee Code Annotated section] 50-6-409 is subject to the Court of Workers' Compensation Claims's subject matter jurisdiction was not presented at the time of the expedited hearing on the record" and is therefore waived. We find this argument unpersuasive for two reasons. First, in his "Brief in Support of Employee's Second Request for Expedited Hearing and a Decision on the Record," Employee specifically raised as an issue before the trial court the applicability of Tennessee Code Annotated section 50-6-409 in support of its argument that "[E]mployee is entitled to immediate benefits regardless of the outcome of the [d]eclaratory [j]udgment action." Hence, the issue of section 50-6-409's applicability to this case *was* presented to the trial court. Second, a court's subject matter jurisdiction is not a waivable issue and may be raised at any time during the course of litigation, either by a party or a court. *See Nickerson v. Knox Cnty. Gov't*, No. 2019-03-0559, 2020 TN Wrk. Comp. App. Bd. LEXIS 18, at *4 (Tenn. Workers' Comp. App. Bd. Apr. 17, 2020) (citing *Wilken v. Wilken*, No. 2012-00989-COA-R3-CV, 2012 Tenn. App. LEXIS 907, at *10-11 (Tenn. Ct. App. Dec. 27, 2012)). Thus, the issue was not waived.

Tennessee's Workers' Compensation Law was promulgated to be "controlling for any claim for workers' compensation benefits . . . when the date of injury is on or after July 1, 2014." Tenn. Code Ann. § 50-6-101. "Every employer and employee subject to [the Workers' Compensation Law] shall, respectively, pay and accept compensation for personal injury or death arising primarily out of and in the course and scope of employment." Tenn. Code Ann. § 50-6-103. The term "employer," as defined in the Workers' Compensation Law, "shall include the employer's insurer" if the employer is insured. Tenn. Code Ann. § 50-6-102(11). Furthermore, the Court of Workers' Compensation Claims is expressly given jurisdiction over both the employer *and* the insurer. Tenn. Code Ann. § 50-6-408(2). Pertinent to this case, the Workers' Compensation Law provides that "[t]he insurer . . . *shall in all things be bound by and subject to the awards, orders, judgments[,] or decrees rendered against the insured employer, whether a formal party to the proceedings or not.*" Tenn. Code Ann. § 50-6-408(3) (emphasis added); *see also General Acc. Fire & Life Assur. Corp. v. Kirkland*, 356 S.W.2d 283, 288 (Tenn. 1962) ("the employer and insurer are each principals and are jointly and severally liable to the employee").

Tennessee Code Annotated section 50-6-237 established the Tennessee Court of Workers' Compensation Claims to have "original and exclusive jurisdiction over all contested claims for workers' compensation benefits." Tenn. Code Ann. § 50-6-237. The duties of judges on the Court of Workers' Compensation claims include hearing and determining claims for compensation, approving settlements, and making "orders decisions, and determinations" concerning an employee's eligibility and an employer's liability for workers' compensation benefits. Tenn. Code Ann. § 50-6-238(a)(3).

Tennessee Code Annotated section 50-6-409 governs certain aspects of a workers' compensation insurance contract. That section provides that a workers' compensation policy cannot be issued in Tennessee "unless it contains an express agreement of the insurer that it will promptly pay to the person entitled to them all benefits conferred by this chapter and all installments of all compensation *that may be awarded* or agreed upon." Tenn. Code Ann. 50-6-409(a) (emphasis added). Moreover, subsection (b) of that statute provides as follows:

> The agreement shall be construed to be a *direct promise by the insurer* to the person entitled to compensation under this chapter, and *may be enforced directly by that person in that person's name*, and the failure, if any, of the insured to comply with any provisions of the policy regarding notice of injury, and such matters shall not be a defense in a suit on the policy by the insured employee or the insured employee's dependents or representatives, unless it can be shown that the insured employee or the insured employee's

representatives or dependents aided and abetted in seeking to mislead or defraud the insurer.

Tenn. Code Ann. § 50-6-409(b) (emphases added).

We conclude Northstone has conflated its statutory obligations under Tennessee's Workers' Compensation Law with its legal right to challenge the validity of the insurance contract in a declaratory judgment action. As this case currently stands, the record indicates Northstone issued a policy of workers' compensation insurance to Homestead with effective dates inclusive of Employee's date of injury. Thus, unless and until a court of competent jurisdiction determines the insurance contract is voidable under Tennessee Code Annotated section 56-7-103 or other applicable law, Northstone is subject to the jurisdiction and authority of the Court of Workers' Compensation Claims as provided in Tennessee Code Annotated sections 50-6-102(11), 50-6-408(2) and (3), and 50-6-409. It is therefore liable to provide any and all workers' compensation benefits to which Employee is entitled to the same extent as the employer and the statutory employer.

Northstone argues that if the trial court were to order it to provide workers' compensation benefits to Employee, the court would, in effect, be deciding the coverage dispute. We disagree. As we have explained previously, the Workers' Compensation Law does not confer subject matter jurisdiction on the Court of Workers' Compensation Claims to resolve coverage disputes between an employer and its insurer. *See Martinez v. ACG Roofing, Inc.*, No. 2021-08-0059, 2023 TN Wrk. Comp. App. Bd. LEXIS 31, at *17-18 (Tenn. Workers' Comp. App. Bd. July 12, 2023). Yet, the Court of Workers' Compensation Claims has the statutory authority to order the payment of workers' compensation benefits, and an insurer is "bound by and subject to the awards, orders, judgments[,] or decrees" of that court. Tenn. Code Ann. § 50-6-408(3).

In the present case, the trial court had before it the immediate employer, a statutory employer, and the statutory employer's insurer. The trial court's order compelling the payment of benefits is *automatically* binding on all three of those entities unless and until a court voids the insurance contract.[3] The trial court has not been placed in the position of resolving a coverage dispute because Northstone became subject to the provisions of sections 50-6-408 and 50-6-409 when it issued the policy of workers' compensation insurance to Homestead. It has the burden of proof in the declaratory judgment action, *see, e.g.*, *Knox County Election Commission v. Breeding*, No. E2021-01094-COA-R3-CV, 2012 Tenn. App. LEXIS 380, at *11-12 (Tenn. Ct. App. June 14, 2012), and, until that burden has been satisfied, it is an insurer subject to the jurisdiction and authority of the Court of Workers' Compensation Claims.

---

[3] The fact that the trial court's order does not expressly list Northstone as an entity responsible for the payment of benefits is legally irrelevant. Under section 50-6-408(3), Northstone is *automatically* subject to the court's order to the same extent as the employer and the statutory employer.

If Northstone prevails in the suit pending in Chancery Court, Northstone may, in turn, assert whatever claim for indemnification or reimbursement against Homestead and/or J&J Tovar, if any, as may be allowed under applicable laws. *See, e.g.*, Tenn. Code Ann. § 50-6-113(b). As to the injured employee, however, the immediate employer, the statutory employer, and its insurer are jointly and severally liable to provide whatever benefits are mandated by Tennessee's Workers' Compensation Law, and Employee may pursue enforcement of the trial court's order against any liable entity.

## Conclusion

For the foregoing reasons, we affirm the trial court's order and remand the case. Costs on appeal are taxed to Northstone.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Oscar L. Romero Perez | ) | Docket No. 2022-03-0563 |
| | ) | |
| v. | ) | State File Nos. 800889-2022 |
| | ) | 26980-2022 |
| J&J Tovar Construction, LLC, et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Pamela B. Johnson, Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 4th day of December, 2023.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Robert W. Knolton | | | | X | rknolton@fisher-russell.com |
| Ameesh A. Kherani | | | | X | akherani@kheranilaw.com ttrammell@kheranilaw.com |
| Rockforde D. King | | | | X | rking@emlaw.com |
| David Goudie | | | | X | dgoudie@morganakins.com |
| Allen Callison | | | | X | allen.callison@mgclaw.com |
| Pamela B. Johnson, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |



Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov